SAMUEL ANDERSON ET AL.

v.

THE PEOPLE.

*Fences—Rescue of Cattle Taken* Damage Feasant—*Sec. 21, Chap. 54, Starr & C. Ill. Stats.—Instructions.*

1. A jury believing that a witness has wilfully sworn falsely upon any material matter involved in the suit, may, but are not bound to, ignore such portions of his testimony as are not corroborated by credible witnesses.

2. The question of credibility is for the jury.

3. An instruction taking away from the jury the right to consider the testimony of a witness believed by them to have sworn falsely as to any one material fact, is erroneous.

[Opinion filed July 1, 1889.]

IN ERROR to the County Court of La Salle County; the Hon. FRANK P. SNYDER, Judge, presiding.

Mr. SAMUEL RICHOLSON, for plaintiffs in error.

Messrs. MOLONEY & STEAD, for defendant in error.

*Per Curiam.* This is a writ of error sued out of the County Court of La Salle County. Plaintiffs in error were convicted under Sec. 21, Chap. 54, Starr & C. Ill. Stats., for rescuing cattle out of the possession of one McLean, who had taken them *damage feasant.* Several errors are assigned and urged against the regularity of the proceedings below, but we shall notice but one. On the trial below, the court, on behalf of the people, gave the jury this instruction:

4. "The court instructs the jury that they are the judges of the credibility of the witnesses, and in passing upon their credibility it is the duty of the jury also to take into consideration the interest of the defendants in the event of the suit, and if the jury believe that any witness or witnesses wilfully and knowingly swore falsely touching any material matter or

thing in this cause, then it is the duty of the jury to disregard such witness' or witnesses' entire testimony, except in so far as it is corroborated by other competent evidence in the case which they do believe."

The giving this instruction was palpable error. The rule is, that in case the jury believe that any witness has knowingly and wilfully sworn falsely upon any material matter involved in the suit, then the jury may disregard all his testimony unless it is corroborated by other reliable or credible testimony. But the jury are not bound to disregard his evidence. It does not follow as a matter of law, nor as a matter of fact, that because a witness may be wilfully false in one thing, that he will necessarily be false in everything else. That question must always be left to the jury. They may or may not believe the witness after they have heard him. This instruction takes away from the jury the right to consider even the testimony of any witness, who, they may believe, has wilfully sworn falsely to any one material fact. It is in the range of probabilities that a witness may be false in some parts of his testimony, for reasons peculiar to himself, and yet in other respects he may be entirely truthful.

For this error the judgment is reversed and remanded.

*Reversed and remanded.*